UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLUE WILKINS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-06-171 |
| | : | |
| ATTORNEY GENERAL THOMAS W. CORBETT, JR., ET AL., | : | |
| | : | (Judge McClure) |
| Defendants | : | |

## MEMORANDUM AND ORDER

January 31, 2006

**Background**

　　This pro se civil rights action pursuant to 42 U.S.C. § 1983 was initiated by Glue Wilkins ("Plaintiff"), an inmate presently confined at the State Correctional Institution, Somerset, Pennsylvania (SCI-Somerset).  The complaint is accompanied by an application requesting leave to proceed in forma pauperis.  For the reasons set forth below, Wilkins' complaint will be dismissed, without prejudice, as legally frivolous under 28 U.S.C. § 1915.

　　Named as Defendants are the Commonwealth of Pennsylvania and its

Attorney General Thomas W. Corbett, Jr.  It is initially noted that this is the latest in a series of § 1983 complaints filed by Wilkins with respect to his 2003 Dauphin County, Pennsylvania attempted homicide conviction.  Plaintiff asserts that his conviction was the result of perjured testimony.  He adds that his conviction was illegal because of the Commonwealth's failure to have a medical doctor testify at trial.

Following his conviction, Plaintiff states that he initiated a private criminal complaint with the Dauphin County District Attorney's office on July 17, 2005.  His private criminal complaint alleged that the Commonwealth's chief witness had given perjured testimony.  He claims that the District Attorney denied him due process by not acting on his private criminal complaint.  Plaintiff further indicates that Attorney General Corbett, as the Commonwealth's chief law enforcement officer, should have acted on his private criminal complaint since the Dauphin County District Attorney clearly has a conflict of interest.  His complaint seeks compensatory damages as well as declaratory and injunctive relief, specifically, that the Defendants be directed to render a decision on his private criminal complaint.

**<u>Discussion</u>**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed in forma pauperis may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[1]  In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  "The frivolousness determination

---

[1] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

3

is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

It is initially noted that a § 1983 action may not be employed to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). All of the Plaintiff's present allegations are unquestionably attacking the legality of his Pennsylvania state criminal conviction. Pursuant to the standards announced in Preiser, Wilkins' present complaint to the extent that it seeks to overturn his Dauphin County conviction is not properly asserted under § 1983.

Second, the Plaintiff acknowledges that his claims against the Defendants are "premised" on the doctrine of respondeat superior. Record document no. 1, p.6. In order to state an actionable civil rights claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

4

Civil rights claims brought cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Based on the nature of Plaintiff's allegations especially his admission that the complaint is premised on a theory of respondeat superior, his action is subject to dismissal under the standards developed in Capone.

Next, the United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). Thus, the claims against the Commonwealth of Pennsylvania are also appropriate for summary dismissal.

Fourth, with respect to Plaintiff's request for compensatory damages, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a

5

constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Thus, Wilkins' request for compensatory damages is premature under Heck because he cannot maintain a cause of action for monetary damages until his underlying state criminal conviction is rendered invalid. If Plaintiff is able to successfully challenge his Dauphin County conviction, he may then reassert his claim for damages in a properly filed civil rights complaint. Furthermore, the United States Court of Appeals for the Third Circuit has recognized that civil rights claims seeking release from confinement sounded in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985). In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646. Pursuant to Georgevich and Edwards, Plaintiff's present requests for injunctive and declaratory relief are not properly raised in a civil rights complaint.

In addition, it appears that Wilkins's request for injunctive relief is seeking a mandamus-type remedy.  The only federal statute under which a party may seek mandamus relief from a federal court is 28 U.S.C. § 1361.  It provides in its entirety:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Since Plaintiff is requesting that this Court compel a state official to perform a duty, there is no proper jurisdiction under § 1361 or any other federal statute.  Consequently, dismissal of the request for injunctive relief for lack of jurisdiction is also appropriate.

Moreover, mandamus is a drastic measure "to be invoked only in extraordinary situations."  Stehney v. Perry, 101 F.3d 925, 934 (3d Cir. 1996) (quoting Allied Chem. Corp v. Daiflon, Inc., 449 U.S. 33, 34 (1980)).  The Supreme Court in Allied added that a mandamus petitioner has the burden of establishing a clear and indisputable right to relief.  Id. at 35.  See also Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976).  In Kerr, the court noted that in order to receive mandamus relief, the party seeking it must "have no other adequate means to attain the relief he desires. . . ."  Id.  Wilkins does have other means available to him, specifically, he may submit his request for relief to the

appropriate Pennsylvania state court.

In conclusion, since the Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774.  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

2. The Clerk of Court is directed to close the case.[2]

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

> s/James F. McClure, Jr.
> JAMES F. McCLURE, JR.
> United States District Judge

---

[2] The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee.  Until the filing fee is paid in full, the Administrative Order previously issued in this case is binding on the Warden of SCI-Somerset, as well as the superintendent of any correctional facility to which Plaintiff is transferred.